# UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| EVANS ALLEN MEZGER ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:08-cv-0163 |
| v. ) | Judge Wiseman |
| ) | Magistrate Judge Griffin |
| PRICE CPAs, PLLC ) | |
| ) | |
| Defendant ) | |
| ) | |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1441 and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF: Plaintiff worked for Defendant from September, 2005 through August, 2007. Plaintiff should have been classified and paid as an hourly employee under the Fair Labor Standards Act. Instead, Plaintiff was classified and paid as a salaried employee when he worked more than 80 hours in a 2 week period. When Plaintiff worked less than 80 hours in a 2 week period, he was paid as an hourly employee. Plaintiff is entitled to recover unpaid overtime under the Fair Labor Standards Act, as well as statutory damages, costs, and attorney's fees and a injunction against Defendant from further violations of the FLSA.

Computation of damages requires the determination of the number of hours worked each week by Plaintiff.

2) DEFENDANT: Mezger was a salaried employee during his employ with Price CPAs. He was

1

exempt from the FLSA. As a result, there were no violations of the FLSA and Mezger is not entitled to recover any damages under the FLSA including costs and attorney's fees; similarly an injunction against Price CPAs is not warranted. Price CPAs further asserts that costs an attorney's fees should be borne by Mezger.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before April 30, 2008.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before October 31, 2008. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before June 30, 2008.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before September 1, 2008. The defendant shall identify and disclose all expert witnesses and reports on or before October 1, 2008.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before November 1, 2008.

J. ALTERNATIVE DISPUTE RESOLUTION: Neither party is opposed to alternative dispute resolution.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before December 1, 2008.

L. ELECTRONIC DISCOVERY. Parties will produce electronic files in a mutually accessible format (MS Word, excel, etc.) or .pdf format. The cost of any forensic analysis of computers or other electronic devices will initially be borne by the party requesting the examination.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 1 Day, but no longer than 2 days.

It is so ORDERED.

_____
MAGISTRATE JUDGE GRIFFIN

APPROVED FOR ENTRY:

/s/ Nicholas Perenich, Jr.
Attorney for Plaintiff
Nicholas Perenich, Jr., TN#018175
237 Old Hickory Blvd., Suite 102
Nashville, TN 37221
nick@perenich.com
615-662-2889


/s/ Glenn E. Plosa (by permission)
Attorney for Defendant
Glenn E. Plosa
The Zinser Law Firm, P.C.
414 Union Street, Suite 1200
Nashville, TN 37219
615-244-9700


CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon L. Michael Zinser and Glenn E. Plosa through the Electronic Filing System this 28th day of March, 2008.

3

/s/ Nicholas Perenich, Jr.
Nicholas Perenich, Jr., TN#018175
237 Old Hickory Blvd., Suite 102
Nashville, TN 37221
nick@perenich.com
615-662-2889

4