IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EVANS ALLEN MEZGER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:08cv0163 |
| ) | |
| PRICE CPAs, PLLC, ) | Judge Thomas A. Wiseman, Jr. |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Evans Allen Mezger, a former employee of the defendant, Price CPAs, LLC ("Price CPAs"), filed this action in state court alleging violations of the Fair Labor and Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Price CPAs removed the case to this Court. The Court denied Price CPAs' Motion for Summary Judgment, premised entirely upon an Employment Termination Agreement and Release executed by Mezger, in April 2008 (*see* Doc. No. 24). Mezger has now filed his Motion for Summary Judgment (Doc. No. 25), along with a Brief and other supporting documentation. Price CPAs has filed a response in opposition (Doc. No. 40), to which Mezger has filed a reply. (Doc. No. 42.)

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Mezger was employed with Price CPAs from September 6, 2005 through August 31, 2007. (Doc. No. 16, First Affidavit of Evans Allen Mezger ("Mezger Aff."), at ¶ 3.) His primary workload consisted of preparing or assisting in the preparation of individual state and federal income tax returns. (Mezger Aff. ¶¶ 21–24.) Mezger alleges that he received a base salary when he worked 80 hours or more in a two-week pay period, but was paid on an hourly basis when he worked less than 80 hours in a two-week pay period, such that reductions in his pay were made to account for any partial-day and full-day absences during any pay period. He also asserts that he never received overtime pay for those instances when he worked more than 80 hours per two-week pay period, and that Price CPAs owes him back wages for overtime work. (Mezger Aff. ¶¶ 8–11.) Finally, Mezger alleges that he does not have a college degree, is not a Certified Public Accountant, and did not have any supervisory or management responsibilities while he was employed by Price CPAs. (Mezger Aff. ¶¶ 12–20.)

For its part, Price CPAs asserts that Mezger was a "salaried employee" (Doc. No. 41, Affidavit of Thomas M. Price ("Price Aff."), at ¶ 10) who performed work "of a specialized nature, requiring advanced learning in accounting, tax preparation, and general financial services."  (Price Aff. ¶ 11.)  Price CPAs claims that Mezger exercised his own discretion in preparing complex tax returns directly with clients. (Price Aff. ¶¶ 14–18.)  Although Mezger received some oversight, his work received the same routine review as that of any professional in the firm as part of Price CPAs' peer review and quality control standards.  (Price Aff. ¶ 20.)

On January 22, 2008, Mezger filed suit in the Circuit Court for Davidson County, Tennessee, claiming Defendant had violated the FLSA by failing to compensate him for overtime work.  On February 19, 2008, Price CPAs removed the case to federal court.

**II.    STANDARD OF REVIEW**

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to any material fact concerning an essential element of the opposing party's claim.  *Celotex v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading; his response, by affidavits or otherwise, must set forth specific facts showing there is a genuine issue for trial.

**III.   ANALYSIS**

    **A.    Liability**

The FLSA was enacted at least in part for the purpose of protecting workers from substandard wages and oppressive working hours.  *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728 (1981).

Among other provisions, the FLSA requires all employers to compensate qualified employees with overtime pay for any work in excess of forty hours per week, as follows:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). This provision is mandatory with respect to all "employees" as that term is defined by the statute, unless the employee falls within some specific statutory exemption. One such exemption is for employees "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). "To establish an overtime exemption for executive, administrative or professional employees, 29 U.S.C. § 213(a)(1), an employer must satisfy three tests: a (1) duties test; (2) salary level test; and (3) salary basis test." *Acs v. Detroit Edison Co.*, 444 F.3d 763, 767 (6th Cir. 2006) (citing 29 C.F.R. §§ 541.100, 541.101, 541.118, 541.200, 541.204, 541.300, 541.303, 541.304). Mezger concedes that he meets the requirements of the salary level test (Doc. No. 26, at ¶ 5), so the Court will consider only whether Price CPAs satisfies the other two tests.

Under the duties test for the administrative exemption, the employee's primary duty must (a) be "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and (b) "include[ ] the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200. The Secretary of Labor specifically lists "collecting and analyzing information regarding the customer's income, assets, investments or debts" as examples of duties which generally meet the duties requirement for the administrative exemption. 29 C.F.R. § 541.230(b). Price CPAs has presented evidence that Mezger fulfilled these very duties for customers using his own judgment. (Price Aff. ¶¶ 23–24.) There is a genuine issue of disputed fact as to whether Mezger meets the duties test for the administrative exemption.

With regard to the salary basis test, however, the facts are not disputed. Under that test, "[a]n employee will be considered to be paid 'on a salary basis' within the meaning of these regulations if the employee regularly receives each pay period . . . a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or

quantity of the work performed." *Acs*, 444 F.3d at 767 (quoting 29 C.F.R. § 541.602(a)). "Deductions from pay may be made for absences of one or more *full days* occasioned by sickness or disability . . . if the deduction is made in accordance with a bona fide plan, policy or practice of providing compensation for loss of salary occasioned by such sickness or disability." 29 C.F.R. § 541.602(b)(2) (emphasis added). Thus, while a plan may allow for deductions for absences of a day or more, "deductions for absences of less than a day are inconsistent with salary status." *Mich. Ass'n of Gov't Employees v. Mich. Dep't of Corr.*, 992 F.2d 82, 84 (6th Cir. 1993) (citing *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983)). *See also Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 836 (8th Cir. 2006) (stating that the salary basis provision prohibits deductions from an employee's salary for personal absences of less than a day); *Cowart v. Ingalls Shipbuilding, Inc.,* 213 F.3d 261, 265 (5th Cir. 2000) (same); *Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 534 (7th Cir. 1999) (same); *Mich. Supervisors' Office & Prof'l Employees v. Mich. Dep't of Corr.*, No. 94-1203, 1995 WL 418069, at *8 (6th Cir. July 13, 1995) (same). Employers wishing to account for partial-day absences of salaried employees are not without recourse: They may require the employee to work extra hours or take vacation time or paid time off. "It is only when an employer actually deducts from an employee's paycheck that the employee is ineligible for the exemption." *Renfro v. Ind. Mich. Power Co.*, 370 F.3d 512, 516 (6th Cir. 2004).

In the case at bar, Mezger attests that his pay was reduced for partial-day absences from May to August, 2006. (Doc. No. 43, Second Affidavit of Evans Allen Mezger, ¶ 6.) Price CPAs admits that "Price CPAs established a policy where Mezger would be paid a pro-rated portion of his salary for days, *and portions of days*, he worked." (Price Aff. ¶ 29 (emphasis added).) Price CPAs concedes that Mezger's "pay was reduced for partial day absences." (Doc. No. 39, Price CPAs' Resp. to Mezger's Statement of Undisp. Facts, ¶ 6.) Finally, Price CPAs does not dispute that Mezger did not receive overtime pay when he worked more than forty hours in a workweek. (Price CPAs' Resp. to Mezger's Statement of Undisp. Facts ¶ 3.)

Evidently Price CPAs went out of its way to accommodate Mezger during his illness and treatment, for which Mezger expressed his gratitude. (Price Aff. ¶¶ 25–31). But while the FLSA allows for such bona fide plans to create deductions from salary for absences of *full* days, an employee may not agree to a plan creating deductions from salary for *partial* days and also maintain salary status. 29

C.F.R. § 541.602(b)(2); *Mich. Ass'n of Gov't Employees*, 992 F.2d at 84. Accordingly, no reasonable jury adhering to the law could find that Mezger meets the "salary basis test" required to fall under the executive, administrative, or professional employee exemptions from the FLSA's overtime pay requirement.[1]

Because there is no genuine issue of material fact as to whether Mezger falls under an exception to the overtime pay requirement and whether he was paid for overtime, Mezger is entitled to summary judgment in his favor with regard to liability, and judgment will be entered in Mezger's favor.

**B.     Damages and Other Relief**

*(1)     Overtime Pay and Liquidated Damages*

29 U.S.C. § 216(b) provides that employers in violation of the FLSA's overtime pay requirement shall be liable for unpaid overtime compensation as well as an additional equal amount as liquidated damages. Price CPAs does not dispute that, if Mezger had been paid one and a half times his regular wage when he worked more than forty hours in a workweek during the time the policy was in effect, Mezger would have earned $9,902.16 more than he was paid. (Price CPA's Resp. to Mezger's Statement of Undisp. Facts ¶ 4.) Since there is no question of fact as to unpaid overtime compensation, Mezger is entitled to summary judgment in the stated amount as unpaid overtime compensation.

The calculation for liquidated damages, however, is not as objective. The Sixth Circuit has explained:

> Liquidated damages under the FLSA are compensation, not a penalty or punishment. Although liquidated damages are the norm and have even been referred to as "mandatory," Congress has provided the courts with some discretion to limit or deny liquidated damages. *See* 29 U.S.C. § 260. Under this exception, if an employer demonstrates *both* good faith and reasonable grounds for the incorrect classification, then a court may exercise its discretion to limit or deny liquidated damages. But this burden on the employer is substantial, and if the employer fails to carry it, the court may not limit or deny liquidated damages.
>
> To prove that it acted in good faith, an employer must show that it took affirmative steps to ascertain the Act's requirements, but nonetheless violated its provisions. "Good faith" means more than merely not willfully misclassifying the employee. The employer has an affirmative duty to ascertain and meet the FLSA's requirements, and an employer who

---

[1] Price CPAs' reliance on 29 C.F.R. § 825.206, which states that providing unpaid leave under the Family and Medical Leave Act will not cause an employee to lose an FLSA overtime requirement exemption, is thus unfounded because it presupposes that the employee actually meets an exemption.

> negligently misclassifies an employee as exempt is not acting in good faith. Thus, the violation of the FLSA does not have to be intentional for [the employee] to recover liquidated damages, and [the employer] has the burden of establishing that it acted in good faith when affirmatively determining that [the employee] was exempt.

*Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 584–85 (6th Cir. 2004) (internal citations and quotation marks omitted).

In *Dole v. Elliott Travel & Tours, Inc.*, the Sixth Circuit upheld the award of liquidated damages on summary judgment when an employer failed to meet its burden of proving good faith and reasonableness by not offering any evidence of either, providing only "the bare assertion" in an affidavit that the company had at all times "acted in good faith in an effort to comply with the Act." 942 F.2d 962, 968 (6th Cir. 1991); *see also Nellis v. G.R. Herberger Revocable Trust*, 360 F.Supp.2d 1033, 1045–46 (D. Ariz. 2005) (awarding liquidated damages in summary judgment when employer offered no evidence of any efforts to ascertain the FLSA's requirements); *Chao v. Bauerly*, No. 03-6200PAMRLE, 2005 WL 1923716, at *5 (D. Minn. Aug. 11, 2005) (same). Here, Price CPAs has not offered *any* assertion that it ever attempted to ascertain the FLSA's requirements with regard to Mezger prior to this litigation. The court therefore lacks discretion pursuant to 29 U.S.C. § 260 and must award liquidated damages under § 216 in an equal amount to the unpaid overtime compensation: $9,902.16.

### *(2)     Attorney's Fee and Costs*

The FLSA further provides that the court, in an action filed under the statute, "shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.' " *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)). "An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory. . . ." *Fegley*, 19 F.3d at 1134 (citation omitted). The Court therefore concludes that Mezger is as a matter of law entitled to an award of a reasonable attorney's fee in this action. As the prevailing party, he is also entitled to an award of costs pursuant to Rule 54(d)(1) of the

Federal Rules of Civil Procedure. Claims for attorney's fees and costs are to be made in accordance with Rule 54(d).

### *(3)* *Injunctive and Declaratory Relief*

Although Mezger does not raise the issue of equitable relief in his motion, he seeks such in his Complaint. The Court finds that entry of judgment in Mezger's favor will be tantamount to entry of a declaration that Price CPAs violated provisions of the Fair Labor Standard Act in their dealings with Mezger. Mezger has not, however, addressed the elements necessary for entry of a permanent injunction nor shown cause why an injunction should be entered in this case. The Court therefore declines to enter an injunction.

## IV. CONCLUSION

For the reasons set forth above, Mezger's Motion for Summary Judgment will be granted and judgment will be entered in his favor with regard to unpaid overtime compensation and liquidated damages. A motion for attorney's fees and discretionary costs shall be filed, along with a Bill of Costs for recovery of those costs to which the prevailing party is entitled as a matter of course, in accordance with Fed. R. Civ. P. 54(d) and the applicable Local Rules. An appropriate Order will enter.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge

